## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LAURA O'CONNOR, )<br><br>Plaintiff, )<br><br>v. )<br><br>COMMONWEALTH OF MASSACHUSETTS )<br>DMR OF MENTAL RETARDATION)<br><br>Defendant. ) | C.A. No. 05-11407-NMG |

### ANSWER TO PLAINTIFF'S COMPLAINT

The defendant COMMONWEALTH OF MASSACHUSETTS DMR OF MENTAL RETARDATION ["DMR"] responds to the Complaint of plaintiff LAURA O'CONNOR ["plaintiff"] by correspondingly numbered paragraphs as follows:

### Introduction

The allegations contained in this paragraph are by way of introduction and do not admit to a response and are therefore denied.

### Jurisdiction

1.   Jurisdiction is a question of law which requires no response and is therefore denied.

## Venue

2.    Venue is a question of law which requires no response and is therefore denied.

## Parties

3.    Admitted.

4.    Denied except that the defendant is a state governmental agency within the Executive Office of Health and Human Services of the Commonwealth of Massachusetts.

## Facts

5.    Admitted.

6.    Admitted.

7.    Admitted that Mr. Clifford was plaintiff's direct supervisor from 1994 until May 22, 2000, at which time he was reassigned and no longer plaintiff's supervisor.

8.    Denied.

9.    Denied.

1).    Denied.

1L.    Denied.

1:2.    Denied.

1:3.    Admitted that, on April 6, 2000, Mr. Clifford advised everyone within the work group that no one could work from home.  Exceptions were made for those who

presented Family Medical Leave Act issues.   The balance of
the allegations contained in this paragraph are denied.

14.   Denied.

15.   The DMR admits Mr. Clifford told a female
employee to wear a short skirt on April 06, 2000. The DMR
denies that such an event occurred at any other time. The
DMR denies that Mr. Clifford ever directed such a comment
toward the plaintiff.

15.   Denied.

17.   Denied.

13.   Denied.

19.   The DMR is without sufficient knowledge to admit
or deny the allegations contained in this paragraph.

20.   The DMR admits Mr. Clifford attempted to
accommodate the plaintiff's injury by enlisting co-workers
to drive her to and from work and that this was done
without prior consultation of the plaintiff.   The DMR is
without sufficient knowledge or belief to admit or deny the
balance of the allegations contained in this paragraph.

21.   Admitted.

22.   The DMR admits that the plaintiff did request
that Mr. Clifford refrain from further discussing her
injury.   The DMR is without sufficient knowledge or belief

to admit or deny the balance of the allegations contained
in this paragraph.

23. Denied.

24. The DMR admits that Mr. Clifford addressed a
staff meeting on April 6, 2000 but is without sufficient
knowledge or belief to admit or deny the balance of the
allegations contained in this paragraph.

25. The DMR is without sufficient knowledge or belief
to admit or deny the allegations contained in this
paragraph.

26. Denied except as the fact that there was a
meeting on April 13, 2000 of both male and female staff
with Ms. Rowe and Ms. Grossman.

27. Admitted.

28. Denied.

29. Admitted that Ms. Grossman informed Mr. Clifford
of the allegations after the April 13, 2000 meeting. The
balance of the allegations contained in this paragraph are
denied.

30. The DMR admits that it allowed Mr. Clifford to
remain in his supervisory role until he could be confronted
with the written and verbal complaints and he had a chance
to respond to them. The DMR denies that he was allowed to

remain in his supervisory role thereafter. As to the balance of the allegations contained in this paragraph, the DMR is without knowledge or belief sufficient to admit or deny them.

31. Admitted that neither Ms. Grossman nor Ms. Rowe reported Mr. Clifford's conduct to officials more senior than themselves. The balance of the allegations contained in this paragraph are denied.

32. Admitted as to plaintiff's medical clearance. The balance of the allegations contained in this paragraph are denied.

33. Denied.

34. Denied.

35. Admitted.

36. The DMR is without sufficient information or belief to admit or deny the allegations contained in this paragraph.

37. The DMR is without sufficient information or belief to admit or deny the allegations contained in this paragraph.

38. Denied.

39. Denied.

40. Denied.

41.  Denied.

42.  Admitted.

43.  Admitted.

44.  Denied.

45.  Denied except as to the length of time it took for the investigation and subsequent report to be completed, which is admitted.

46.  Admitted.

47.  Denied.  The DMR's internal investigation report speaks for itself.

48.  Denied.  The DMR's internal investigation report speaks for itself.

49.  Denied.  The DMR's internal investigation speaks for itself.

50.  Denied.  The DMR's internal investigation speaks for itself.

51.  Denied.

52.  Denied.

53.  Denied.

54.  Admitted.

55.  Admitted as to minimal contact but denied that it was limited to plaintiff or other complaining females.

55.   The DMR is without sufficient information or belief to admit or deny the allegations contained in this paragraph.

57.   Denied.

58.   Denied as to Mr. Clifford appearing unannounced on November 16, 2000.  The DMR is without sufficient knowledge or belief to admit or deny the balance of the allegations contained in this paragraph.

59.   Admitted.

60.   Admitted.

61.   Denied.

62.   Denied.

63.   Denied.

64.   Denied.

65.   Denied.

66.   Denied.   The MCAD findings speak for themselves.

67.   Admitted.

## COUNT I

68.   The defendant repeats the responses contained in paragraphs 1 through 67 as if fully set forth herein.

69.   Admitted.

70.   Denied.

## COUNT II

71.   The defendant repeats the responses contained in paragraphs 1 through 70 as if fully set forth herein.

72.   Admitted.

73.   Denied.

74.   Denied.

## COUNT III

75.   The defendant repeats the responses contained in paragraphs 1 through 74 as if fully set forth herein.

76.   Denied.

77.   Denied.

## RELIEF SOUGHT

1.-4.      No response is required to plaintiff's prayers for relief, which are opposed.

## AFFIRMATIVE DEFENSES

Further answering, defendant asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

The Court is without jurisdiction under the Americans with Disabilities Act, 42 U.S.C. §12101 as plaintiff did not file a Complaint alleging handicap discrimination with the Equal Employment Opportunity Commission or the Massachusetts Commission Against Discrimination as the

state agency delegated by the EEOC to investigate such

claims.


**THE DEFENDANT CLAIMS A TRIAL BY JURY AS TO ALL COUNTS**


**DEFENDANT COMMONWEALTH OF
MASSACHUSETTS DMR OF MENTAL
RETARDATION,**

By its Attorneys,

**THOMAS F. REILLY
ATTORNEY GENERAL**

/s/ Charles M. Wyzanski
Charles M. Wyzanski
BBO # 536040
Assistant Attorney General
One Ashburton Place
Boston, Massachusetts 02108
Tel. No. 617-727-2200